UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAL PARKER,<br><br>       Plaintiff,<br><br>-against-<br><br>DEBRA ANNE HAALAND, et al.,<br><br>       Defendants. | 22-CV-8107 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

  Plaintiff submitted the complaint without the filing fees or an IFP application. By order dated September 23, 2022, the Court directed Plaintiff, within 30 days, to either pay the $402.00 in fees or submit a completed IFP application. (ECF 3.) Rather than paying the fees or filing an IFP application, on September 26, 2022, Plaintiff submitted a document titled, "Master Bill of Lading, Ships Manifest Non-Negotiable Bill of Exceptions to the ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION Signed by Judge Laura Taylor Swain on 9/23/2022, regarding Trust vessel # 1:22-cv-08107." (ECF 4.) Also on September 26, 2022, Plaintiff filed an amended complaint (ECF 5) and a notice of interlocutory appeal (ECF 6).

## DISCUSSION

### A. The Court retains jurisdiction

  The Court addresses first whether it has jurisdiction to consider Plaintiff's response to the Court's September 23, 2022, order, in light of Plaintiff's filing of an interlocutory appeal of a

nonfinal order. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp.2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Plaintiff filed a notice of appeal in response to an order directing him to pay the filing fees or submit an IFP application. Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective. Accordingly, this Court retains jurisdiction over this action. *See, e.g., Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal.").

**B.     Order directing payment of fees or IFP application**

Plaintiff's September 26, 2022, submission is not responsive to the Court's September 23, 2022, order. Plaintiff has not paid the fees, and his submission does not allege facts showing that he cannot afford to pay the filing fees. Therefore, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 22-CV-8107 (LTS).

## CONCLUSION

The Court directs Plaintiff, within 30 days, to either pay the $402.00 in fees or submit the attached IFP application.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 3, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                           Chief United States District Judge